UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ODESSA BROWN, II,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT BURTON,<br><br>Defendant. | No. 2:18-cv-2728-KJM-EFB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. On April 18, 2019, the undersigned denied plaintiff's request for leave to proceed in forma pauperis after determining he had accumulated three "strikes" within the meaning of 28 U.S.C. § 1915(g). ECF No. 9. In an abundance of caution, the undersigned vacates that order and instead issues the following findings and recommendations. As explained below, the court finds that plaintiff is not eligible to proceed in forma pauperis, and for this reason, recommends that the application be denied.

A prisoner may not proceed in forma pauperis:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

1

Court records indicate that plaintiff has previously had three cases dismissed for failure to state a claim upon which relief may be granted in both this district and in the United States District Court for the Northern District of California. They are: (1) *Odessa Brown, II v. Mule Creek State Prison, et al.,* No. 03-cv-02365-GEB-GGH (E.D. Cal. June 13, 2005) (defendants' motion to dismiss for failure to state a claim granted and civil rights complaint dismissed); (2) *William Odessa Brown, II v. California Department of Corrections, et al.*, No. 4:05-cv-2067 CW (N.D. Cal. Jan. 25, 2006) (civil rights action dismissed for failure to state a claim); and (3) *William Odessa Brown, II v. Salinas Valley State Prison*, No. 4:05-cv-2776 CW (N.D. Cal. Jan. 25, 2006) (civil rights action dismissed for failure to state a claim).

Plaintiff would still be entitled to proceed in forma pauperis if his complaint indicated that he was in imminent danger of serious physical injury. 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1049-1050 (9th Cir. 2007). His current claims pertain to an alleged lack of access to the prison law library, however. ECF No. 1 at 5. Thus, this exception does not apply.

In light of the foregoing, plaintiff's request to proceed in forma pauperis must be denied. Plaintiff must submit the appropriate filing fee in order to proceed with this action.

Accordingly, IT IS ORDERED that the April 18, 2019 order (ECF No. 9) is vacated.

Further, because plaintiff has not paid the filing fee and is not eligible to proceed in forma pauperis, IT IS RECOMMENDED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 6) be denied; and

2. Plaintiff be ordered to pay the $400 filing fee within fourteen days from the date of any order adopting these findings and recommendations and be warned that failure to do so will result in the dismissal of this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 15, 2019.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE